

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DANIEL COLEMAN #N84660, </br></br>Petitioner,</br></br>v.</br></br>DONALD A. HULICK, WARDEN,</br></br>Defendant. | )</br>)</br>)</br>)</br>)</br>)</br>) No. 08 C 660</br>)</br>)</br>)</br>) |

### MEMORANDUM OPINION AND ORDER

Daniel Coleman ("Coleman"), serving a life sentence on two counts of first degree murder of his estranged wife, has traveled extensively through the state court system in an effort to overturn his conviction and sentence--twice to the Illinois Appellate Court, once to the Illinois Supreme Court in an unsuccessful effort to obtain leave to appeal, once in an unsuccessful habeas corpus proceeding and once in a post-conviction proceeding that was also dismissed at the state Circuit Court level, with that dismissal then being affirmed by the Illinois Appellate Court for the First District on June 22, 2007 in its Case No. 1-05-2681 and with the Illinois Supreme Court then denying leave to appeal on November 20, 2007. Now Coleman has filed a 28 U.S.C. §2254 Petition for Writ of Habeas Corpus - Person in State Custody ("Petition").

But the fundamental difficulty that Coleman confronts in seeking federal relief is demonstrated by the Illinois Appellate Court's June 22, 2007 unpublished order ("Order"), attached as an

exhibit to his current Petition and attached to this memorandum opinion and order as well. As Order at 2-3 reflects, both Coleman's state post-conviction petition and his state habeas petition were rejected at the Circuit Court level on grounds of res judicata or waiver as well as frivolousness and lack of merit. Coleman appealed only the dismissal of the post-conviction petition (id. at 3), and the Appellate Court upheld that dismissal on purely procedural state law grounds, citing controlling Illinois Supreme Court caselaw in support of its ruling (id. at 3-4).

That brings into play "the independent and adequate state ground doctrine" as explained and exemplified in Coleman v. Thompson, 501 U.S. 722, 729-30 (1991)(citations omitted):

> This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment. This rule applies whether the state law ground is substantive or procedural. In the context of direct review of a state court judgment, the independent and adequate state ground doctrine is jurisdictional.
>
> \*   \*   \*
>
> We have applied the independent and adequate state ground doctrine not only in our own review of state court judgments, but in deciding whether federal district courts should address the claims of state prisoners in habeas corpus actions. The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds.

And that being the case, "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" (Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts), and the Petition is therefore dismissed (id.).[1]

                                */s/ Milton I. Shadur*
                                Milton I. Shadur
                                Senior United States District Judge

Date:   January 31, 2008

---

[1] Although Coleman has also contemporaneously submitted a filled-out In Forma Pauperis Application ("Application"), he has already paid the modest $5 fee required in such cases. Accordingly the Application is simply denied as moot.

NOTICE
The text of this order may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same.

SIXTH DIVISION
JUNE 22, 2007

RECEIVED

7 JUN 22 P4:37

APPEALS DIVISION
COOK COUNTY
PUBLIC

No. 1-05-2681

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| v. | ) | No. 97 CR 9541 |
| DANIEL COLEMAN, | ) | Honorable Lawrence P. Fox, |
| Defendant-Appellant. | ) | Judge Presiding. |

O R D E R

Defendant Daniel Coleman appeals from the summary dismissal of his *pro se* petition for relief under the Post-Conviction Hearing Act (Act). 725 ILCS 5/122-1 *et seq.* (West 2004). Defendant contends that the trial court erred in summarily dismissing his petition because it stated the gist of a meritorious claim of ineffective assistance of trial counsel. We affirm.

Following a jury trial in 1999, defendant was convicted of first-degree murder. After determining that the crime was exceptionally brutal and heinous, the trial court sentenced defendant to natural life in prison. On direct appeal, we



1-05-2681

affirmed the judgment of the trial court. People v. Coleman, 347 Ill. App. 3d 266 (2004).[1]

On March 15, 2005, defendant filed a pro se postconviction petition. Defendant's petition alleged, among other things, that he was denied effective assistance of counsel when his trial counsel failed to call an expert to testify to the effects of a diabetic reaction as rebuttal evidence to defendant's confession; that appellate counsel was ineffective for failing to raise meritorious claims on direct appeal; that the indictment was based on perjured testimony; that defendant was denied his right to confront witnesses; and that his natural life sentence was excessive in violation of Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). Although defendant attached numerous documents to his petition, he failed to attach any affidavits from a witness who could support his claim of a diabetic reaction.

On April 30, 2005, defendant filed a petition for habeas corpus relief alleging, among other things, that his natural life sentence was unconstitutional. On June 13, 2005, the trial court summarily dismissed defendant's postconviction petition and

---

[1] On December 3, 2003, the Illinois Supreme Court vacated this court's initial opinion in People v. Coleman, 328 Ill. App. 3d 688 (2002) with directions to reconsider its ruling regarding defendant's Apprendi contentions in light of certain specified cases. After consideration of those cases, this court issued its opinion in People v. Coleman, 347 Ill. App. 3d 266 (2004), affirming defendant's conviction and sentence.

57

1-05-2681

*habeas corpus* petition after finding that the claims in both were barred by the doctrines of *res judicata* or waiver, as well as frivolous and without merit. Defendant appeals the summary dismissal of his postconviction petition.

Defendant contends on appeal that his petition stated the gist of a meritorious constitutional claim that his counsel was ineffective for failing to call an expert to testify to the effects of a diabetic reaction to "rebut" evidence of his confession.

The summary dismissal of a postconviction petition is a legal question which we review *de novo*. People v. Lucas, 203 Ill. 2d 410, 418 (2002). In order to proceed past the first stage of a postconviction proceeding, the defendant's petition must "clearly set forth the respects in which petitioner's constitutional rights were violated" and must include supporting "affidavits, records, or other evidence" or explain their failure to do so. 725 ILCS 5/122-2 (West 2004); People v. Collins, 202 Ill. 2d 59, 66 (2002). A petition not supported by affidavits, records or other evidence is properly dismissed at the first stage unless the defendant's allegation is uncontradicted and supported by the record. People v. Smith, 352 Ill. App. 3d 1095, 1105 (2004). Furthermore, a postconviction petition is considered frivolous or patently without merit, and thus properly dismissed at the first stage, "if the allegations in the

- 3 -

58

1-05-2681

petition, taken as true and liberally construed, fail to present the 'gist of a constitutional claim.' " People v. Edwards, 197 Ill. 2d 239, 244 (2001); quoting People v. Gaultney, 174 Ill. 2d 410, 418 (1996).

Defendant's allegation is simply too speculative to state the gist of a constitutional claim of ineffective assistance of counsel. As the State notes, defendant provided no details of this alleged diabetic reaction. His allegation did not provide any information as to the time, duration, or nature of the reaction. It did not describe any of the effects of this alleged diabetic reaction and provided no explanation of how it affected the voluntariness or reliability of his confession. Furthermore, defendant's petition failed to indicate that his attorney was even aware that defendant had such a reaction. Therefore, defendant's petition failed to state even the gist of a meritorious constitutional claim.

Moreover, the circuit court properly dismissed defendant's *pro se* postconviction petition because he failed to attach supporting documentation or an explanation for its absence, a fact which alone justified dismissal. See Collins, 202 Ill. 2d at 66.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

**Affirmed.**

FITZGERALD SMITH, P.J., with JOSEPH GORDON and O'MALLEY, JJ., concurring.