

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
ex rel. DANIEL COLEMAN #N84660, )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Petitioner, )
　　　　　　　　　　　　　　　　　　　　　)
v. ) No. 08 C 660
　　　　　　　　　　　　　　　　　　　　　)
DONALD A. HULICK, WARDEN, )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendant. )

<u>MEMORANDUM ORDER</u>

　　　This Court has just received a copy of an April 7, 2008 order from our Court of Appeals transferring the motion by Daniel Coleman ("Coleman") to proceed on appeal in forma pauperis to this District Court for a ruling on that motion. This Court hastens to issue this memorandum order.

　　　This case originated in this District Court as a 28 U.S.C. §2254 Petition for Writ of Habeas Corpus by pro se petitioner Coleman--a petition that this Court promptly dismissed on January 31, 2008 because Coleman's state post-conviction petition and his state habeas petition (only the former of which he took up on appeal) had been dismissed on independent and adequate state grounds. Although Coleman had contemporaneously submitted an In Forma Pauperis Application, he had in fact paid the modest $5 fee required in such cases.

　　　Thereafter Coleman filed a Notice of Appeal from the Petition's dismissal, and just as this Court was about to deal with the required certificate of appealability or a statement as

to why such a certificate should not issue, Coleman moved to recall his Notice of Appeal because he stated that "to proceed any further at this moment would be frivolous" (see attached Ex. 1).

It is thus unclear to this Court whether Coleman has since changed his mind again and is indeed taking an appeal. But on the assumption that he is doing so, as is indicated by the Court of Appeals' current order, this Court obtained from Menard Correctional Center (where Coleman is in custody) a printout that updated the information about transactions in his trust fund account there after January 7, 2008 (the last date covered by his original submission when he first sought habeas relief from this Court).

Before this memorandum order turns to any 28 U.S.C. §1915[1] calculation based on that information, this Court should make clear that to the extent that in forma pauperis status may depend on the existence of a nonfrivolous basis for an appeal as well as insufficient financial means, this Court finds no basis for the issuance of a certificate of appealability--no nonfrivolous assertion of the violation of a federal constitutional right (see attached Ex. 2). But in terms of Coleman's financial situation, Martin v. United States, 96 F.3d 853, 856 (7th Cir. 1996)

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

requires that Coleman pay the entire $455 in appellate filing fees, with the initial payment called for by Section 1915(b)(1) amounting to $5.25.

                              */s/ Milton I. Shadur*
                              Milton I. Shadur
                              Senior United States District Judge

Date:  April 10, 2008

United State District Court, Northern District
Of Illinois

United State Of America
ex rel. Daniel Coleman #N84660
    Petitioner

v.

Donald A. Hulick, Warden
    Defendant

**FILED**
MAR 10 2008   MAR 10 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

No. 08 C 660

## Motion

Honorable Judge Milton I. Shadur Around 1/13/08 You Denied my Federal Habeas Corpus Petition.

    Around Feb. 28, 2008, I filed a Notice of Appeal; with All do respect may I recall that filing, that NOT what I need it to do, I was instructed to do this by the law Clerk(s).

    Here in Menard this facility does NOT have Certified legal assistance, I did NOT received Proper legal assistance once denied, what Should be file and properly.

    Around Feb. 29, 2008. After viewing Cases and Rules that were cited in the Memorandum Opinion and Order, To Proceed any further at this moment would be frivolous.

    My request Honorable Judge, Milton I. Shadur let me recall my Notice of Appeal, And hold my Federal Habeas Petition see; Rhines v. Weber 124 S.Ct. 1523 (2005) and grant me a return on this Federal Habeas Petition, Rhines v. Weber 124 S.Ct. 1523 (2005) IN Abeyance.

Thank you
Daniel Coleman
N84660

Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DANIEL COLEMAN #N84660, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) No. 08 C 660 ) |
| DONALD A. HULICK, WARDEN, | ) ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

Daniel Coleman ("Coleman"), serving a life sentence on two counts of first degree murder of his estranged wife, has traveled extensively through the state court system in an effort to overturn his conviction and sentence--twice to the Illinois Appellate Court, once to the Illinois Supreme Court in an unsuccessful effort to obtain leave to appeal, once in an unsuccessful habeas corpus proceeding and once in a post-conviction proceeding that was also dismissed at the state Circuit Court level, with that dismissal then being affirmed by the Illinois Appellate Court for the First District on June 22, 2007 in its Case No. 1-05-2681 and with the Illinois Supreme Court then denying leave to appeal on November 20, 2007. Now Coleman has filed a 28 U.S.C. §2254 Petition for Writ of Habeas Corpus - Person in State Custody ("Petition").

But the fundamental difficulty that Coleman confronts in seeking federal relief is demonstrated by the Illinois Appellate Court's June 22, 2007 unpublished order ("Order"), attached as an

Exhibit 2 - p.1

exhibit to his current Petition and attached to this memorandum opinion and order as well. As Order at 2-3 reflects, both Coleman's state post-conviction petition and his state habeas petition were rejected at the Circuit Court level on grounds of res judicata or waiver as well as frivolousness and lack of merit. Coleman appealed only the dismissal of the post-conviction petition (id. at 3), and the Appellate Court upheld that dismissal on purely procedural state law grounds, citing controlling Illinois Supreme Court caselaw in support of its ruling (id. at 3-4).

That brings into play "the independent and adequate state ground doctrine" as explained and exemplified in Coleman v. Thompson, 501 U.S. 722, 729-30 (1991)(citations omitted):

> This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment. This rule applies whether the state law ground is substantive or procedural. In the context of direct review of a state court judgment, the independent and adequate state ground doctrine is jurisdictional.
>
> \*   \*   \*
>
> We have applied the independent and adequate state ground doctrine not only in our own review of state court judgments, but in deciding whether federal district courts should address the claims of state prisoners in habeas corpus actions. The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds.

2

Ex. 2 - p. 2

And that being the case, "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" (Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts), and the Petition is therefore dismissed (id.).[1]

                                             _/s/ Milton I. Shadur_
                                             Milton I. Shadur
                                             Senior United States District Judge

Date:   January 31, 2008

---

[1] Although Coleman has also contemporaneously submitted a filled-out In Forma Pauperis Application ("Application"), he has already paid the modest $5 fee required in such cases. Accordingly the Application is simply denied as moot.

3

Ex. 2 - p. 3

NOTICE
The text of this order may be changed or corrected prior to the time for filing of a Petition for [Rehearing] or the disposition of [same].

SIXTH DIVISION
JUNE 22, 2007

RECEIVED
7 JUN 22 P 4:37
APPEALS DIVISION
COOK COUNTY
PUBLIC [DEFENDER]

No. 1-05-2681

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| v. | ) | No. 97 CR 9541 |
| DANIEL COLEMAN, | ) | Honorable Lawrence P. Fox, Judge Presiding. |
| Defendant-Appellant. | ) | |

O R D E R

Defendant Daniel Coleman appeals from the summary dismissal of his *pro se* petition for relief under the Post-Conviction Hearing Act (Act). 725 ILCS 5/122-1 *et seq.* (West 2004). Defendant contends that the trial court erred in summarily dismissing his petition because it stated the gist of a meritorious claim of ineffective assistance of trial counsel. We affirm.

Following a jury trial in 1999, defendant was convicted of first-degree murder. After determining that the crime was exceptionally brutal and heinous, the trial court sentenced defendant to natural life in prison. On direct appeal, we

Ex. 2 - p.4

56.

1-05-2681

affirmed the judgment of the trial court. People v. Coleman, 347 Ill. App. 3d 266 (2004).[1]

On March 15, 2005, defendant filed a pro se postconviction petition. Defendant's petition alleged, among other things, that he was denied effective assistance of counsel when his trial counsel failed to call an expert to testify to the effects of a diabetic reaction as rebuttal evidence to defendant's confession; that appellate counsel was ineffective for failing to raise meritorious claims on direct appeal; that the indictment was based on perjured testimony; that defendant was denied his right to confront witnesses; and that his natural life sentence was excessive in violation of Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). Although defendant attached numerous documents to his petition, he failed to attach any affidavits from a witness who could support his claim of a diabetic reaction.

On April 30, 2005, defendant filed a petition for *habeas corpus* relief alleging, among other things, that his natural life sentence was unconstitutional. On June 13, 2005, the trial court summarily dismissed defendant's postconviction petition and

---

[1] On December 3, 2003, the Illinois Supreme Court vacated this court's initial opinion in People v. Coleman, 328 Ill. App. 3d 688 (2002) with directions to reconsider its ruling regarding defendant's Apprendi contentions in light of certain specified cases. After consideration of those cases, this court issued its opinion in People v. Coleman, 347 Ill. App. 3d 266 (2004), affirming defendant's conviction and sentence.

Ex. 2 - p. 5

- 2 -

57

1-05-2681

*habeas corpus* petition after finding that the claims in both were barred by the doctrines of *res judicata* or waiver, as well as frivolous and without merit. Defendant appeals the summary dismissal of his postconviction petition.

Defendant contends on appeal that his petition stated the gist of a meritorious constitutional claim that his counsel was ineffective for failing to call an expert to testify to the effects of a diabetic reaction to "rebut" evidence of his confession.

The summary dismissal of a postconviction petition is a legal question which we review *de novo*. People v. Lucas, 203 Ill. 2d 410, 418 (2002). In order to proceed past the first stage of a postconviction proceeding, the defendant's petition must "clearly set forth the respects in which petitioner's constitutional rights were violated" and must include supporting "affidavits, records, or other evidence" or explain their failure to do so. 725 ILCS 5/122-2 (West 2004); People v. Collins, 202 Ill. 2d 59, 66 (2002). A petition not supported by affidavits, records or other evidence is properly dismissed at the first stage unless the defendant's allegation is uncontradicted and supported by the record. People v. Smith, 352 Ill. App. 3d 1095, 1105 (2004). Furthermore, a postconviction petition is considered frivolous or patently without merit, and thus properly dismissed at the first stage, "if the allegations in the

1-05-2681

petition, taken as true and liberally construed, fail to present the 'gist of a constitutional claim.' " People v. Edwards, 197 Ill. 2d 239, 244 (2001); quoting People v. Gaultney, 174 Ill. 2d 410, 418 (1996).

Defendant's allegation is simply too speculative to state the gist of a constitutional claim of ineffective assistance of counsel. As the State notes, defendant provided no details of this alleged diabetic reaction. His allegation did not provide any information as to the time, duration, or nature of the reaction. It did not describe any of the effects of this alleged diabetic reaction and provided no explanation of how it affected the voluntariness or reliability of his confession. Furthermore, defendant's petition failed to indicate that his attorney was even aware that defendant had such a reaction. Therefore, defendant's petition failed to state even the gist of a meritorious constitutional claim.

Moreover, the circuit court properly dismissed defendant's pro se postconviction petition because he failed to attach supporting documentation or an explanation for its absence, a fact which alone justified dismissal. See Collins, 202 Ill. 2d at 66.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

FITZGERALD SMITH, P.J., with JOSEPH GORDON and O'MALLEY, JJ., concurring.

Ex. 2 p. 7

59